O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARY CULVER, JR., | ) | CASE NO. ED CV 09-01487 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

      Plaintiff Gary Culver Jr. challenges the Social Security Commissioner's decision denying his application for disability benefits. His first argument is unpersuasive. He asserts that the Administrative Law Judge should have found that, even though he did not meet one of the listings, *see* 20 C.F.R. Part 404, Subpart P, Appendix I, that Plaintiff equaled one of the listings, Listing 1.04 for disorders of the spine. However, Plaintiff has advanced no plausible theory for equaling this listing, and that is fatal to this claim. *Lewis v. Apfel*, 236 F.3d 503 (9th Cir. 2001). A mere description of the various medical treatments does not show equivalence to a listing.

      Plaintiff fares better with his second argument. There he asserts that the Administrative Law Judge wrongly disregarded the opinion of treating physician Catoleno Dureza. A treating physician's opinion is owed the highest deference, *Aukland v. Massanari*, 257 F.3d 1033, 1036 (9th Cir. 2001), and, while not conclusive, should not be

1 disregarded absent some good reason for doing so.  The Commissioner may prefer the
2 opinion of others instead, but to credit the opinions of others over that of the treating
3 physician, he must offer specific and legitimate reasons for his preference. *Magallanes v.*
4 *Bowen*, 881 F.2d 747, *751 (1989).

5 Dr. Dureza stated in April 2007 and in April, May and August 2008 that
6 Plaintiff was unable to work, and was temporarily or permanently disabled.  [AR 286
7 (stating permanently disabled); AR 294; AR 292; AR 288] The Administrative Law Judge
8 rejected this opinion, saying:

> Great weight is given to the medical opinions of the consultative
> examiners and the State agency medical consultant, and the
> claimant's treating physician who in 2003 said that the claimant
> was precluded from heavy work and repetitive motions of the
> neck (Exhibit 2F).  The orthopedic consultative examiner
> indicated a residual functional capacity for light work (Exhibit
> 6F), and the internal medicine consultative examiner reported a
> residual functional capacity for medium work (Exhibit 10F).
> Little weight is given to the medical opinion of Dr. Dureza as
> the subjective complaints of the claimant appeared to be the
> basis for the restrictions he indicated, which were inconsistent
> with those of the other reporting sources, and unsupported by the
> objective documentary evidence (SSR 96-6p).

24 [AR 12]  This is insufficient to gainsay the opinion of Dr. Dureza.

25 Plaintiff underwent two surgeries, one in 2002 and one in 2006.  The 2003
26 opinion from the "treating physician" — not Dr. Dureza — thus cannot be a specific and
27 legitimate reason for disregarding the 2007 and 2008 opinions of Dr. Dureza following the
28 later surgery.  The state agency consultant did not examine Plaintiff, but the consultative

medical examiner, who did examine Plaintiff in March 2007, opined that Plaintiff could perform light work. [AR 230] Thus, his opinion contrasted with that of Dr. Dureza.

Other than the fact that Dr. Dureza's opinion differed from that of the other doctors, the Administrative Law Judge's only reasons for not accepting Dr. Dureza's opinion were that it was based on the subjective complaints of Plaintiff and unsupported by the objective documentary evidence. This is inaccurate; Plaintiff did, of course, complain that he hurt, but there was plenty of evidence to support Plaintiff's complaint, including MRI and other diagnostic evidence that Dr. Dureza discussed in his May 2008 report. [AR 291] The Administrative Law Judge simply preferred the opinions of those doctors who said Plaintiff could work, over the opinion of the doctor who twice had operated on Plaintiff and followed him throughout, who said he could not work. Based on the record in this case, this was error.

Accordingly, the treating physician's opinion should have been respected. Had that opinion been followed, Plaintiff would have qualified for disability payments. There is nothing further to be developed in the record upon a remand. Therefore, Plaintiff is entitled to receive disability benefits. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).

The decision is reversed, and the matter is remanded for an award of benefits.

DATED:   July 23, 2010

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE